UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| GREGORY LEE FARLEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No.: 3:25-CV-117-TAV-JEM |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the Court on petitioner's motion for recusal [Doc. 5]. For the reasons explained below, petitioner's motion [Doc. 5] is **DENIED**.

Section 455(a) requires disqualification when a judge's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The movant bears the burden of establishing that bias exists. *See Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991). The question under § 455(a) is objective: whether the judge's impartiality might be questioned from the perspective of a reasonable person. *See Burley v. Gagacki*, 834 F.3d 606, 615–16 (6th Cir. 2016); *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990). "A bias sufficient to justify recusal must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Id.* (internal quotation marks omitted). As a result, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The Sixth Circuit has cautioned that "[t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is."

*Easley v. Univ. of Mich. Bd. of Regents*, 853 F.2d 1351, 1356 (6th Cir. 1988) (alteration in original) (citation omitted); *see also United States v. Angelus*, 258 F. App'x 840, 842 (6th Cir. 2007) ("Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, he has an equally strong duty to sit where disqualification is not required" (citation omitted)). In short, unnecessary recusals waste judicial resources. *City of Cleveland v. Krupansky*, 619 F.2d 576, 579 (6th Cir. 1980).

Petitioner asserts that the undersigned should be recused from the case because the undersigned "was [petitioner's actual sentencing judge," and therefore, presiding over this post-conviction case "would be considered manipulative" [Doc. 5]. But a judge's presiding over a criminal matter, and then presiding over the subsequent post-conviction matter, does not constitute grounds for recusal, as the information the judge learns during the course of the underlying criminal matter is not "extrajudicial." *See Latham v. United States*, 106 F. App'x 395, 397 (6th Cir. 2004). Moreover, to the extent that petitioner's recusal motion is premised on any dissatisfaction with the undersigned's rulings in the underlying criminal matter, such is also not a basis for recusal. *See Liteky*, 510 U.S. at 555.

Accordingly, the Court finds that recusal is not warranted, and petitioner's motion for recusal [Doc. 5] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

2

Case 3:25-cv-00117-TAV-JEM    Document 6    Filed 06/30/25    Page 2 of 2    PageID #: 24